### GAINES v. WHITE.

1. An appellate court will not consider matters for review unless they were brought distinctly before the court below at the time of trial. It would be doing an injustice to the trial court, as well as to parties interested,

to allow an interpolation of matter not occurring at the trial to have consideration or weight in reviewing the case in an appellate tribunal.

2.  The statute provides that a new trial may be granted upon the ground of newly discovered evidence which the party making the application could not with reasonable diligence have discovered and produced at the trial.   The exercise of reasonable diligence is an express requirement of the statute.   When this is not shown—in fact, no steps taken to procure such evidence—a new trial should not be granted.   Parties must be ready to meet the issues when called upon to do so.   1 S. D. 434, affirmed.

(Syllabus by the Court.   Opinion filed January 15, 1892.)

Appeal from district court, McCook county.   Hon. JOHN E. CARLAND, Judge.

This case was first argued at the October, 1890, term of this court.   The opinion thereon is published in 1 S. D. 434. This opinion is upon · a rehearing ordered March 19, 1891. Former opinion referred to.

*Davis, Lyon & Gates* for appellant and petitioner for a rehearing.

*Keith & Bates* and *E. H. Wilson* for respondent.

BENNETT, J.   This cause was brought by appeal to this court at the October term, 1890, at which term a decision was rendered affirming the judgment of the court below.   Afterwards a rehearing was granted.   The reasons alleged why the former decision should be reversed are:

*First.*   That before the trial of the cause in the court below there were two motions made for a continuance, and both overruled, and that in the consideration of the case by this court one of the motions for continuance was overlooked.   The motion considered was based upon the ground of absent witnesses but it is claimed by appellant that just before the case was called for trial Winsor & Kittredge, the leading counsel in the case, retired from it, and Judge Palmer, another attorney, was suddenly called into the case, and he at once made an oral motion for a continuance, based upon the ground of surprise at the sudden retirement of Winsor & Kittredge.   ''That motion,'' says the appellant, ''was urged, but was denied by the court. These facts do not appear in the bill of exceptions, but are

brought forward by the affidavits of Butterfield and White."
We think the record does not sustain this statement. The abstract shows that the case was tried at the December term, 1888; that at the first call of the calendar on the 12th day of December, M. A. Butterfield, counsel for the defendant, gave oral notice of a motion for a continuance, and thereafter read affidavits in support of it, which affidavits were filed in the case. Neither these affidavits nor the motion state the ground of the motion to be surprise at the retirement of Winsor & Kittredge from the case, but the basis of the motion and affidavits was the absence of certain material witnesses. This motion was overruled. Exceptions were taken, and this order was made one of the special grounds of error on the appeal. The next proceeding in the case, as appears by the bill of exceptions, is that on the 14th day of December, 1888, a jury was called and sworn, witnesses examined, cause submitted to the jury, verdict rendered in favor of plaintiff, and motion for a new trial filed by defendant. The affidavits upon which the motion for continuance at the call of the case was based nowhere state that the continuance is asked on the ground of. surprise because of the retirement of Winsor & Kittredge from the case. The first time such a claim appears to have been made was on the argument of the motion for a new trial, more than three months after the trial,—March 30, 1889. The motion for a continuance of the case was made on the sole ground of absent witnesses. An examination of Mr. Butterfield's and Mr. White's series of affidavits shows that neither claim that the motion for continuance was based upon the ground of surprise because of the sudden retirement of counsel from the case. In Butterfield's affidavit of March 30, 1889, he states that he was surprised, but does not claim that he called the attention of the court to his surprise. He simply says: "Judge Palmer urged upon the court a renewal of the motion previously denied." This affidavit was sworn to on March 30, 1889. White's affidavit is but corroborative of Butterfield's. The motion referred to in these affidavits is the one previously denied, which was made on the ground of absent witnesses. This point was

brought to our attention in the first brief of counsel, and fully considered at the time of the rendition of the opinion. The record of facts shows distinctly that no motion for a continuance made on the ground of surprise because of the sudden retirement of counsel was ever filed or discussed before the court below, or a continuance refused upon that ground. It would not be doing justice to the trial court or parties interested to allow an interpolation of matter not occurring at the trial to have consideration or weight in reviewing the case in an appellate tribunal.

*Second.* Another of the grounds urged at this rehearing for a reversal of the case is that of newly discovered evidence. This was one of the assignments of error at the former hearing, and was fully considered at that time. But in addition to the argument that was then urged the appellant says: "The defendant could not fortell what the consideration of the particular sale would be claimed to be, nor how it was paid, whether in cash or notes or upon credit. He certainly would not expect from what he could learn of plaintiff's circumstances that he would claim to have paid it in money. No diligence could ascertain these facts in advance. They were first disclosed at the trial. These facts possibly might have been ascertained by diligence, but their applicability could not be learned until trial. The same may be said in relation to the bill of sale, the execution and date of which were first discovered at the trial." This is certainly a novel position. First acknowledging that material facts and testimony relating to the main issue of a case on trial may have been ascertained by diligence, and that no steps were taken to secure them, and then afterwards saying to the court that the applicability of the evidence could not be learned until the trial was in progress, because it is just discovered that the evidence is needed to make out the defendant's side of the case. If such a position was tenable, litigation would have no end. Losing parties in nearly all cases can find something new that may be beneficial to them, after a trial is had; but this can be no reason why a new trial shall be granted. The law requires diligence before trial. Parties must be ready

to meet the issues when called upon to do so. Evidence must be on hand to sustain the respective issues. If not, the slothful laggard must suffer, while the active, diligent and persevering will be rewarded. This point and the others presented by the petition for a rehearing are the same as urged on the former hearing of the case, and were thoroughly examined by the court at that time. Seeing no cause for changing our views as expressed in our former opinion, it will be adhered to on the rehearing.