**BENDER et al. v. CONNOR, Com'r of Motor Vehicles.**

**No. 141.**

District Court, D. Connecticut.

Aug. 11, 1939.

904

Woodruff & Klein, of New Haven, Conn. (Robert J. Woodruff and Arthur Klein, both of New Haven, Conn., of counsel), for plaintiffs.

Frank J. DiSesa, Asst. Atty. Gen., and Francis A. Pallotti, Atty. Gen., for defendant.

Before CLARK, Circuit Judge, and GODDARD and HINCKS, District Judges.

CLARK, Circuit Judge.

This is an action to enjoin the Motor Vehicle Commissioner of the State of Connecticut from enforcing against plaintiffs, dealers in used motor vehicles, the provisions of an act of the General Assembly of the State of Connecticut, approved by the Governor on June 20, 1939, entitled "An Act Concerning Registration of Used Motor Vehicles," and known as Senate Bill No. 1023, Chapter 329 of the Public Acts of Connecticut 1939, on the ground that the provisions thereof violate the commerce clause of the Federal Constitution, art. 1, § 8, Cl. 3, U.S.C.A., and the due process and equal protection clauses of the Fourteenth Amendment thereto. A statutory court of three judges was constituted pursuant to section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380, to pass upon the application for an interlocutory injunction. Upon the hearing, evidence was taken, and by stipulation of the parties the case was submitted for final decree upon the pleadings and the evidence.

The pleadings herein consist of the plaintiffs' complaint and an amendment thereto allowed at the hearing, the defendant's answer, the plaintiffs' reply, and the defendant's rejoinder. Though under Rule 7(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the reply and the rejoinder are improper, they contain only limited allegations of fact agreed to by the parties and brought out in evidence, and may be treated as superfluous without formal action.

The following is the text of the statute in question: "Section 545c of the 1935 supplement to the general statutes is amended by adding the following: 'Every person, who shall bring any used motor vehicle into this state, for the purpose of sale or resale, except a trade-in on a new or used motor vehicle, shall, before offering such motor vehicle for sale, and within ten days from the date of entry into the state, and, after such vehicle has passed the inspection required in this section, register separately each such used motor vehicle with the commissioner of motor ve-

hicles. The commissioner shall require from such person a description of the make, year of model, style, motor number, condition of such used motor vehicle, together with proof of title of the vendor thereto and of freedom from liens thereon and the payment of a fee of ten dollars on each such registration, no such registration to be transferable. No action to recover any such used motor vehicle, or any part of the selling price thereof, shall be maintained in the courts of this state by any vendor of a used motor vehicle or his successors or assigns unless there has been a compliance with the provisions of this section.' "

The statute to which this act is an addition, section 545c of the 1935 Supplement to the General Statutes, in force since July 1, 1935, re-enacted earlier general provisions requiring registration of motor vehicles with the Commissioner before their operation upon Connecticut highways, and contained also this provision: "The commissioner shall not register any motor vehicle which has been reported to him by a previous owner as having been sold for junk, or any motor vehicle not previously registered in this state, except a new motor vehicle, until the same shall have been presented during business hours at the main office or a branch office of the department of motor vehicles, and shall have passed ·the inspection of its safety features as required by said commissioner. The owner of such motor vehicle shall make application for inspection on forms provided by the commissioner and shall pay one dollar for each inspection." The plaintiffs have not objected to the safety inspection, and the fee therefor, required by the 1935 act, but direct their attack solely against the new statute because of its threat of material damage to their respective businesses through the substantial fee to be exacted.

▉▉ Before a court of the United States can interfere at all with state governmental processes, its jurisdiction must be made to appear. Although here the complaint contains no allegation of jurisdiction, as required by Rule 8(a), Federal Rules of Civil Procedure, and although the defendant did not raise the issue of or urge the lack of jurisdiction, we must consider it of our own accord. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001. Our general jurisdiction is based on section 24(1) of the Judicial Code, as amended, 28

U.S.C.A. § 41(1), giving jurisdiction to the district courts of the United States "of all suits of a civil nature * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *."

So far as concerns the requirement that the matter in controversy must arise under the United States Constitution, we think that a substantial, even grave, constitutional issue is presented herein. In Park McLain, Inc., v. Hoey, D.C.E.D.N.C., 19 F. Supp. 990, a three-judge court in 1937 held unconstitutional a statute of North Carolina which was similar to this and even contained certain identical language, in requiring a fee of $10 for registration of a used motor vehicle brought into the state for sale, but which also contained an additional requirement from the dealer of a bond not exceeding $1,000, conditioned upon the payment of all losses that might be occasioned by reason of failure of title, or fraudulent representations or breaches of warranty as to freedom from liens, quality, condition, or use, of the motor vehicle. The opinion by Circuit Judge Parker holds both the bond and the fee provisions to be discriminatory against, and improper burdens upon, interstate commerce. And in Ingels v. Morf, 300 U.S. 290, 57 S.Ct. 439, 81 L.Ed. 653, affirming D.C.S.D.Cal., 14 F.Supp. 922, the Supreme Court in the same year held unconstitutional the California Caravan Act, St.Cal.1935, p. 1453, which prohibited "caravaning," i. e., the transportation into the state for the purpose of sale "of any motor vehicle operated on its own wheels, or in tow of another motor vehicle" without a special permit, for which a fee of $15 was exacted. The Court held that the charge bore no reasonable relation to the expense to .the state of providing facilities or enforcing the regulation and that it was excessive, and hence that it imposed an unconstitutional burden upon interstate commerce, of the nature, as the court below stated, of a protective tariff by the state against the motor vehicles in question.

Nevertheless in Clark v. Paul Gray, Inc., supra, decided April 17, 1939 (a decision not cited to us by counsel, although the defendant did cite the decision below, here reversed, Paul Gray, Inc. v. Ingels, D.C.S.D.Cal., 23 F.Supp. 946, and stated erroneously that no appeal had been taken from it), the Supreme Court upheld a

second California Caravan Act passed in 1937, St.Cal.1937, p. 2253, which had been designed to avoid the defects of the previous act. This new act contained provisions for two license fees of $7.50 each for a six months' permit for caravaning a vehicle on the state highways. One of these fees was to reimburse the State for expenses of policing the operation of vehicles moved pursuant to such permits and for public safety upon the highways as affected by such operation, while the other was declared in the act to be compensation for the privilege of using the public highways. Mr. Justice Stone, in writing the opinion, pointed to the lack of proof by the plaintiff that the fees were excessive, while the State had shown that the fees were reasonable in the light of the facilities furnished and the cost of administration and policing called for by the act. Hence it was held that the classification of the traffic made by the act, and the resulting differential in fees exacted among the different classes, were proper and not discriminatory.

In the present case no evidence was offered by the defendant and no competent evidence was received touching upon the purpose of the act or the reasonableness of the classification made by it. So far as appears, the fee is not exacted for use of the highways or to pay the expense of administering police regulations, but is directed wholly against one limited class of used motor vehicles, with new cars, used cars already within the state, used cars brought into the state for purposes other than sale, and used cars brought into the state for sale only by way of exchange or "trade in," all excluded. The fee has no relation to any act performed by the Motor Vehicle Commissioner; the clerical task of registration, in addition to the licensing of cars and operators already required of his Department, is a negligible expense; and in fact the Commissioner was granted no increased appropriation and is making no additions to his staff to care for this task of registration. The fee appears to be quite disproportionate to any service rendered by the state. Inspection for safety was already provided for, under the 1935 act, and for the fee of $1 only. The elements showing reasonableness which saved the statute in Clark v. Paul Gray, Inc., supra, seem here to be lacking; those showing a discriminatory burden on interstate commerce found objectionable in Park McLain, Inc., v. Hoey, supra, seem to be largely reproduced.

But the existence of a substantial constitutional issue is not enough to give this court jurisdiction; the requirement that the matter in controversy must be in excess of $3,000 must also be satisfied. In Clark v. Paul Gray, Inc., supra, it was held expressly that this amount must exist as to each plaintiff dealer, proprietor of a separate business, and that the amounts in issue affecting separate plaintiffs could not be cumulated to provide a total sufficient to sustain the action. It was also held that the amount was to be determined not by the loss to a plaintiff's business or other like test, but solely by the amount of the tax or fee to be collected at any one time. In this connection it relied on Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 704, 78 L.Ed. 1248. And since it found the necessary amount to exist in the case of only one plaintiff, the Supreme Court, acting of its own motion, dismissed the action for lack of jurisdiction as to all the other plaintiffs. The decision sustaining the California statute in question, which has been stated above, was rendered in the case of only this one plaintiff as to whom jurisdiction existed.

In the case before us, of the seven plaintiffs only four presented any testimony at all as to their respective interests, and as to each of the four who testified, the amount in issue is clearly less than $3,000. To show jurisdiction here, a plaintiff must prove that he brings into the state for purposes of sale at least 301 used motor vehicles "within any time reasonably required to conclude the litigation," as the Court put it in Healy v. Ratta, supra. The time reasonably required for the determination of a case such as this on the merits and for a final judgment adequately protecting the parties is not great; in any event, it is less than a year. Here only one dealer estimated that in the past he had imported as many as 200 used cars in a year, and, upon cross examination, he conceded that this estimate might be quite excessive. The estimates of the others were substantially lower. Each was a separate and independent proprietor. Clark v. Paul Gray, Inc., supra, is binding upon us, and we are constrained, therefore, to dismiss this action for want of jurisdiction.

If our jurisdiction was not lacking on this ground, we should be compelled to de-

 

termine whether it was lacking under another limitation upon federal jurisdiction recently introduced by act of Congress. The Act of August 21, 1937, c. 726, § 1, amends the statute 28 U.S.C.A. § 41(1), cited above, by adding this provision: "Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." The substantial amount of the fee required under the act here in issue suggests its character as a tax, and hence the applicability of this recent federal statute.

Though we thus find our substantive jurisdiction lacking under the circumstances, we are not disposed to go along with the defendant to the extent of his claim that he cannot be sued here because the challenged statute imposes no duties of enforcement upon him. He is directed, however, to "require" from a person bringing a used motor vehicle into the state for the described purpose, certain information, as well as the prescribed fee. These are necessary steps in the process of avoiding the penalty stated in the act, namely, a deprivation of civil remedies in the courts of the state to enforce the obligations incurred by a purchaser of a vehicle not registered as required. Such a penalty may constitute an undue burden upon interstate commerce. See Sioux Remedy Co. v. Cope, 235 U.S. 197, 204, 35 S.Ct. 57, 59 L.Ed. 193, and Furst v. Brewster, 282 U.S. 493, 498, 51 S.Ct. 295, 75 L.Ed. 478. Hence we need not consider whether, as the plaintiffs claim, the penalty provisions of the Connecticut General Statutes, § 1637, for violation of any provision of the motor vehicle law "for which no other penalty is provided," also apply. This duty which the statute in issue places upon the Commissioner and supports by penalties against delinquents which in any view are most substantial would seem adequate to justify proceedings against him.

In view of the desire of the parties hereto for an adjudication of the issues, it is perhaps regrettable that the case cannot be disposed of on the merits. But the mandate of the Congress and the decisions of the Supreme Court only carry out a policy which has commanded extensive popular support, namely, that the federal judiciary must not interfere with the governmental processes of the states except in limited and clearly demarked areas. Had the researches of counsel gone far enough to have discovered the case of Clark v. Paul Gray, Inc., supra, probably this action would have been started in the state courts, where it belongs, and the delay incident to this necessarily indecisive proceeding avoided.

The action must therefore be dismissed for want of jurisdiction. Judgment may be entered accordingly.

All concur.