WHEELER, Respondent, v. HUGILL, et al, Appellants

(295 N. W. 638.)

(File No. 8375. Opinion filed December 24, 1940.)

**T. R. Johnson,** of Sioux Falls, for Appellants.

**Louis Smith,** of Sioux Falls, for Defendant City of Sioux Falls.

**Verne H. Jennings, M. T. Woods, and Ernest Raley,** all of Sioux Falls, for Respondent.

SMITH, P.J.  In an action of mandamus the learned trial court entered its judgment commanding the defendants, as members of the Park Board of the City of Sioux

Falls, to employ the plaintiff, Lucy Wheeler, as matron of one of the city's swimming pools. The appeal is by the Park Board from the judgment and from an order denying a motion for new trial.

The city of Sioux Falls is organized under the commission form of government, and its parks are operated by a statutory Park Board. During the early months of 1938, in harmony with the provisions of Chapter 178 of the Session Laws of 1937, now appearing as SDC 45.0201 (103), the city adopted an ordinance establishing a system of civil service for its municipal employees. Among other things, the civil service ordinance established the rights of the then employees of the city to rights and benefits under that ordinance. It further provided for the adoption of rules by the civil service board. According to the rules adopted, an employee who was dropped from the active list because the city found it necessary to reduce its force on the grounds of economy had his name placed on the "Reinstatement Eligible List", which person was entitled to re-employment according to seniority. Provision was also made by the rules for the creation of a list of persons eligible for employment through application and examination. This latter list could only be drawn upon when the list of employees eligible for reinstatement had been exhausted.

For a number of years the plaintiff, Lucy Wheeler, had had seasonal employment with the city under the direction of the Water Department as matron of Drake Springs Swimming Pool. This seasonal employment was continuous from 1933 through and including 1938. In the fall of 1938 she was also employed by the city under the direction of the Police Department as a store detective. On May 15th, 1939, this latter employment was discontinued because the city found it necessary to indulge in economy. Thereafter, on or about the 14th day of June, 1939, through action of the civil service board, plaintiff's name was placed upon the Reinstatement Eligible List for employment as a janitress, police matron, store detective, dance hall matron, and for seasonal employment at Drake Springs Swimming Pool as a matron.

After the close of the 1938 season, and before the opening of the 1939 season, control of Drake Springs Pool was transferred from the Water Department to the Park Board. In April of 1939 plaintiff applied to the Park Board for employment as matron of that pool during the season of 1939 and explained to them that she had been so employed in former years. No action was then taken upon her application. On the 10th day of June, 1939, the Park Board employed as matron of the above named pool a person who had never been in the city employ, and whose name did not appear on either of the two above described eligibility lists. This action in mandamus was brought by plaintiff against the members of the Park Board to require them to recognize her rights and to perform their duty under the civil service ordinance, by employing her 'as matron of Drake Springs Swimming Pool.

The appellant first contends that the Park Board is not subject to the civil service ordinance of the city of Sioux Falls. It asserts that the Park Board and the municipal corporation are separate, independent, corporate entities, that its employees are not municipal employees, and that therefore they are not governed by the ordinance.

The power of the Legislature in its discretion to mold its instruments of local government in the form of a single entity functioning through two boards or even multiple boards, or in that of several separate and independent corporate entities, will not be questioned. Whether in a particular instance it has intended to adopt the one scheme or the other presents a problem of statutory construction. Barnes v. District of Columbia, 91 U. S. 540, 23 L. Ed. 440; Board of Park Commissioners v. City of Nashville, 134 Tenn. 612, 185 S. W. 694; Orvis v. Board of Park Commissioners of the City of Des Moines et al., 88 Iowa 674, 56 N. W. 294, 45 Am. St. Rep. 252.

A search of the provisions of the statutes at issue reveals (1) That the preexistence of a municipal corporation is essential to the existence of a Park Board, because it must be created by a municipal corporation, and its membership named by the governing body from among the

electors of the city. SDC 45.2502. (2) The powers of such board are dual in nature. In certain matters it acts with "the approval of the governing body" of the city, as for instance in adopting by-laws (SDC 45.2506), and in appointing a superintendent of parks (SDC 45.2512). In other respects the statute purports to grant the power to function independently of the governing body of the city; it may make and enforce certain contracts in the name of the city (SDC 45.2506), it has power to establish, improve, care for, regulate, and manage a system of public parks (SDC 45.2510), and, excepting as to the superintendent of parks, "the board may also appoint and employ other officers and employees as it may deem necessary," (SDC 45.2512). (3) All of the functions of the board are limited to the parks of the city. It has no power to acquire or own property. (4) The funds on which it operates are levied and collected by the city. SDC 45.2534. (5) The governing body may assign limited additional duties and functions to the board. SDC 45.2511.

■ We think these statutes reveal a clear legislative intention to create an arm of the municipal corporation rather than a separate entity. This conclusion has been strengthened by a comparison of the provisions of these statutes with those by which the Legislature has created a separate entity. Such a separate entity serves the same population and territory as is governed by the municipal corporation in question. We refer to the independent school district. In the case of that district the Legislature imposed its will on the district and declared it to be a corporate entity. In the case of the Park Board it permitted the municipal corporation to exercise a discretion as to whether it would establish or discontinue the agency. In the one case the unit is completely separated in every respect from the city, and elects its own board, raises its own taxes, owns and manages its property, and exercises an independent discretion in all of its affairs. In the other there is no separation; the board is selected by the governing body of the municipality, its funds are raised from that source, in certain instances action may not be taken by it without the approval of that body, and it has no power to

own or hold property. Again, in the one case the èntity is assigned a distinct, corporate name by which it may be known and designated; in the other, the statutory creature remains unchristened. Last but not least, the necessity for the accomplishment of broad, more or less unrelated public purposes induced the establishment of a separate entity in the one instance. In the other, nothing is sought but the development, beautification and management of municipal property. Manifestly, in the one instance the Legislature intended to create a corporate entity, and in the other to authorize an existing entity to create an agency through which it might carry on certain of the ordinary functions of a municipality.

■ The Legislature having made the Park Board a part of the municipal corporation, it follows that its employees are municipal or city employees within the language of SDC 45.0201 (103) empowering the corporation to adopt an ordinance "establishing a civil service system for its municipal employees", and within the language of Ordinance No. 1197 entitled "An Ordinance to Provide for Civil Service Regulations for City Employees."

■■ Appellant states its next contention as follows: "The Board submits that conceding, without admitting, the applicability of said act to the plaintiff and said Park Board, the employment may not be for more than one year. There was no written contract. An oral contract may not be perpetual." The plaintiff has not sought to assert a contractual right, nor does the judgment assailed grant her a perpetual contract of employment. Phelps v. Board of Education, 300 U. S. 319, 57 S. Ct. 483, 485, 81 L. Ed. 674. Her rights, and the duty of the city she attempts to enforce, arise from the civil service ordinance and the fact of her eligibility thereunder, or her existing employment. That ordinance operates as "a regulation of the conduct of the board and not [as] a term of a continuing contract of indefinite duration with the individual" employee. Phelps v. Board of Education, supra. The judgment requires that the Board "do immediately employ the plaintiff, Lucy Wheeler, as matron at the Drake Springs Swimming Pool

each and every year during the period said Drake Springs Swimming Pool is open to the public for swimming; and restore the said Lucy Wheeler to the position, employment and remuneration which the said Lucy Wheeler held and enjoyed with the said City of Sioux Falls during the year 1938 at said pool." Such judgment may not be interpreted as requiring the board to do more than to employ the respondent, subject to the regulatory provisions of the ordinance in question, and without any restriction as to tenure or the amount of her future remuneration not equally applicable to other employees.

■ The judgment awards plaintiff damages. It is argued that the evidence is insufficient to support the amount of the judgment because not based on the actual rate of pay of plaintiff. It is claimed that the judgment is based upon a rate of pay of $75 a month, and that the actual rate of pay of the matron of Drake Springs Swimming Pool was $52 per month. A review of the record discloses that the only evidence before the court fixed the rate of pay at $75 per month. The contention must, therefore, be overruled.

■ The brief of appellant advances the proposition that the statutory background of the ordinance, and the ordinance itself, are repugnant to certain provisions of the constitution of South Dakota. This issue is not before the court because not raised below. Lyon et al. v. Bertolero et al., 23 S. D. 82, 120 N. W. 766; Quarnberg v. City of Chamberlain, 29 S. D. 377, 137 N. W. 405; Stauffacher v. Brother et al., 67 S. D. 314, 292 N. W. 432, 128 A.L.R. 925.

The judgment and order of the learned trial court are affirmed.

All the Judges concur.