3 So.2d 424

### STATE v. KIMBROUGH.

#### 8 Div. 155.

Supreme Court of Alabama.

June 30, 1941.

536

not over $1,000, conditioned to pay all loss to a purchaser of the car by reason of "fraudulent misrepresentations or breaches of warranty as to freedom from liens, quality, condition, use or value" of the car so sold; and pay a fee of $1 to the Judge of Probate to be disposed of as other fees for registration and recording.

3. At the same time the vendor shall pay to the Judge of Probate a further sum of $5, which shall be paid into the county school funds, less 50 cents retained by the Probate Judge.

Statutes of like or similar import have been enacted in several states, and their constitutionality considered by the courts. The first case brought to our attention is State v. Coleman, 123 Fla. 23, 166 So. 226, decided in 1936, by the Supreme Court of Florida, sustaining the Florida statute.

In 1937, the case of Park McLain, Inc., v. Hoey, D.C., 19 F.Supp. 990, 993, dealt with the North Carolina statute, the same as ours in the provisions here in question, save that the final fee was $10 instead of $5.

The case was considered by a three-judge court, and opinion written by Circuit Judge Parker. Held: "As both the bond and the fee required by the statute here under consideration constitute a clear discrimination against used automobiles of foreign origin, the provisions requiring them must be held invalid under the commerce clause of the Constitution."

In February of the present year, the Court of Appeals óf California, First District, held the California act unconstitutional. Motor Trading Co. et al. v. Ingels, 110 P.2d 132.

In March of this year the Supreme Court of Minnesota held the Minnesota statute unconstitutional. State v. Ernst, 297 N.W. 24.

BOULDIN, Justice.

The legislative act in question, now appearing as Tit. 36, § 104 et seq., Code of 1940, is challenged as violative of the commerce clause of the Constitution of the United States, article 1, § 8, cl. 3.

In brief, the act requires all persons, including local dealers, who bring used cars into Alabama for sale, to do three things before offering same for sale:

1. Register each car using a form provided by the Judge of Probate. The contents of this form are not specified, but left to the Judge of Probate of each county.

2. File with the Judge of Probate a bond, with surety, approved by him, in an amount equal to the value of the used car,

The Connecticut statute was challenged in Bender v. Conner, D.C., 28 F.Supp. 903. The case went off on a question of federal jurisdiction. The court, in arguendo, cited with apparent approval the Park McLain case, supra.

We deem it unnecessary to enter into a prolonged discussion of these authorities and the decisions of the Supreme Court of the United States cited and quoted therein. They speak for themselves.

Such legislation is sought to be justified as an exercise of the police power of the state in protecting the public against the

sale of stolen cars, and cars subject to liens in other states. We may note that a mortgage on personalty given in another state is valid against the property, when brought into this state for three months, the period allowed for recording the instrument in this state. Tit. 47, § 123, Code of 1940.

A like period applies to property brought into the state subject to conditional sale contracts. Tit. 47, § 131, Code of 1940.

 Assuming, without deciding, that, by reason of their mobility, and the prevailing customs in the automobile business, the stolen car, or the incumbered car brought into Alabama for sale may present such a public evil as to warrant appropriate regulations for the public welfare, and, that, in such event, a measure of legislative discretion obtains in devising suitable regulations, they may not arbitrarily and needlessly discriminate against the products of other states by imposing burdensome conditions which greatly obstruct the movement of legitimate articles of commerce into this state, if not virtually shut-out sales of used cars from other states in competition with used cars originating in this state, or brought into this state for purposes other than resale. We are in full accord with the holding in the Park McLain case above quoted, which has been approved and followed by all the courts thereafter dealing with such statutes. As pointed out in these decisions, the fact that the car has come to rest, and ceased to move in interstate commerce, is not in point. This statute forbids such cars taking their place alongside other used cars for resale free from all such restrictions.

The bond required goes far beyond any protection of title, but applies to sundry warranties specified in the statute, for which no such indemnity is required for sales of other used cars in Alabama.

The final fee of $5 is clearly a tax for revenue, devoted to governmental uses in no way related to the expense of administering the statute. The act in fact calls for no outlays of public funds in its administration. Outlays by and services rendered by the Judge of Probate are cared for by a special fee. That such a tax, discriminating against the products of other states, is violative of the commerce clause, is well settled by the decisions of the Supreme Court of the United States, cited and quoted in the authorities above cited.

 We are impelled to hold the statute in question violative of the commerce clause of the Constitution of the United States.

All Justices concur.

KNIGHT, J., not sitting.