EMPEY et al., Appellants v. RAPID CITY et al., Respondents

(103 N.W.2d 861)

(File No. 9782. Opinion filed June 28, 1960)

**Gunderson, Farrar & Carrell**, Rapid City, for Plaintiffs and Appellants.

**Leonard E. Morrison,** City Atty., Rapid City, for Defendants and Respondents.

PER CURIAM.  Acting under SDC 45.17 and 45.21 Rapid City graded, curbed and paved described streets. To defray the cost thereof it levied assessment against abutting property and proposed to issue bonds in lieu of assessment certificates. Plaintiff, an owner of abutting property against which assessments were so levied, brought this action, on behalf of herself and others similarly situated, to have the assessments declared invalid, and to enjoin the sale of the bonds. The defendants interposed an answer wherein they prayed that, if for any reason the court should adjudge the described assessments to be void, it order a reassessment as provided in SDC 45.2118. Cf. Olson v. City of Watertown, 57 S.D. 363, 232 N.W. 289, and Cowart v. Union Paving Co., 216 Cal. 375, 14 P.2d 764, 83 A.L.R. 1185. The trial resulted in a judgment declaring the assessments invalid and ordering a reassessment as prayed by the city.

The plaintiff has appealed and in her brief she urges that because, under the undisputed facts the city lacked

power to make the assessments, the court erred in ordering a reassessment. Her contentions are based upon constitutional grounds. However, none of these contentions was presented to the trial court, and none is embraced by her assignments of error.

The rule that this court will not consider questions which have not been presented to the trial court (Gaines v. White, 2 S.D. 410, 50 N.W. 901, and Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486) is applied to contentions grounded on the constitution. Wheeler v. Hugill, 67 S.D. 545, 295 N.W. 638, and Tri-State Auto Auction, Inc. v. Ostroot, 76 S.D. 356, 78 N.W.2d 468. And to present a question here, it must be embraced by the assignments of error. Patrick v. Blake, 70 S.D. 494, 19 N.W.2d 220. Tested by these rules, the record fails to present any question for review.

The judgment of the trial court is affirmed.

All the Judges concur.