**Al WEBER d/b/a Al Weber Construction, Appellee,**

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Appellant.**

**No. 13132.**

Supreme Court of South Dakota.

Submitted on Briefs Feb. 18, 1981.

Decided April 15, 1981.

Craig E. Smith, Gettysburg, for appellee.

Julie M. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for appellant.

MORGAN, Justice.

The South Dakota Department of Labor (appellant) appealed to this court from the circuit court's determination that certain persons were independent contractors rather than employees of Al Weber, d/b/a Al Weber Construction (appellee). As a result of that determination, the circuit court denied appellant the right to withhold unemployment insurance tax from appellee. We reverse and remand to the circuit court so that it may review the case in accord with SDCL ch. 1–26, the South Dakota Administrative Procedures Act.

Appellant entered an administrative decision whereby certain persons were held to be employees of appellee rather than independent contractors during three specific years, and therefore held appellee liable for unemployment insurance contributions for the wages of those persons during the specified years. Appellee appealed to the circuit court, but no further action was taken until two years later, at which time a hearing on the appeal was held before the circuit court.

At the hearing both parties stipulated on the record "that the hearing examiner's decision need not be given the usual weight, in other words, that [the] record [would] be as though it were first in [the] Court." Although the circuit court expressed its doubt as to the legality of waiving the presumption in favor of appellant's determination, it acquiesced and reviewed the case without regard to the presumption set out in SDCL 1–26–36, which provides that "[t]he court *shall* give great weight to the findings made and inferences drawn by an

agency on questions of fact." (Emphasis added.)

The authority of the circuit court on an appeal from an administrative agency is usually determined by the statute authorizing the appeal. An appeal under the Administrative Procedures Act provides for a limited scope of review and limited disposition of the case. SDCL 1–26–36.... [T]he court cannot substitute its judgment for that of the agency.

*Chicago, M., St. Paul & P. R. Co. v. Bd. of Com'rs,* 248 N.W.2d 386, 391 (S.D.1976).

We therefore hold that the parties may not stipulate to alter the circuit court's scope of review as set out in SDCL 1–26–36.

Accordingly, we reverse and remand the case to the circuit court for proper review in accordance with SDCL ch. 1–26.

All the Justices concur.