Frank ASHLAND, Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Appellee.

No. 13437.

Supreme Court of South Dakota.

June 30, 1982.

Frank Ashland, pro se.

Drew C. Johnson, Sp. Asst. Atty. Gen., S. D. Dept. of Labor, Unemployment Ins. Div., Aberdeen, for appellee.

PER CURIAM.

Appellant was denied unemployment compensation benefits by the South Dakota Department of Labor, Unemployment Insurance Division (the division). This determination was appealed to circuit court which affirmed the division's decision. We affirm.

Before appellant terminated his employment, he had been an unemployment insurance field representative with the South Dakota Department of Labor (Department). Appellant's notice of separation stated that he terminated his employment because he was discriminated against and he did not agree with his supervisors. The alleged discrimination arose from two incidents: (1) appellant's two-hour sick leave request that was at first denied and then allowed after he went through grievance procedures and (2) denying retirement plan participation to appellant while he was a part-time employee. The disagreement with his supervisors arose from appellant's assisting unemployment claimants in preparing their appeals after the division had denied their claims. The supervisors had instructed appellant that his activity violated personnel rules and that it would result in disciplinary action.

Appellant's administrative hearing before a referee occurred on two days, May 12th and 13th, 1980. It was recorded electronically. At the hearing, appellant called seventeen witnesses. The typed transcript is 512 legal-sized pages. The referee's decision was entered on June 13th and the Secretary of Labor's decision on July 16th. Appellant served a notice of appeal to circuit court on July 17, 1980. In late September the division's attorney requested a two-week extension to complete the transcript and file the certified record. They were both filed in circuit court on November 12, 1980.

■ Though appellant concludes his brief by asking this Court to find that he is entitled to receive unemployment compensation benefits he does not argue that he voluntarily left his employment for good cause. *See* SDCL 61–6–13, and –13.1. To be eligible for benefits, appellant must have voluntarily left his employment for good cause. *Id.; Red Bird v. Meierhenry,* 314 N.W.2d 95 (S.D.1982). He has failed to brief this issue, however, and we do not consider it. *See Tri-State Auto Auction, Inc. v. Ostroot,* 76 S.D. 356, 78 N.W.2d 468 (1956); 5 C.J.S. Appeal and Error § 1324(1) (1958).

Appellant's arguments on appeal allege only procedural errors. This Court's review under SDCL 1–26–37 is the same as the circuit court's. *Application of Montana-Dakota Utilities,* 278 N.W.2d 189 (S.D.1979); *Piper v. Neighborhood Youth Corps,* 90 S.D. 443, 241 N.W.2d 868 (1976). We are both guided by the standards set out in SDCL 1–26–36, which provides in part:

> The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in light of the entire evidence in the record; or
>
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

■ Though appellant points out several violations of the Department's own rules of procedure, he does not specify how these prejudiced his substantial rights. *See* SDCL 1–26–36(3). The burden is on appellant to show that these procedural violations prejudiced his substantial rights. *N.L.R.B. v. Seine and Line Fisherman's Union,* 374 F.2d 974 (9th Cir. 1967), cert. denied sub nom. *Biazevich v. N.L.R.B.,* 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 261 (1967); *Center for Auto Safety v. Tiemann,* 414

F.Supp. 215 (D.D.C.1976), rem'd on other grounds, 580 F.2d 689 (D.C.Cir.1978); see *Gourley v. Board of Trustees*, 289 N.W.2d 251 (S.D.1980). The Department's administrative rules require the referee to issue a decision within ten days after completing a hearing, to conduct the hearing in an informal manner and to examine a party's witnesses. ARSD 47:06:05:04 and :08 (1981); see SDCL 61–7–8. Any delay in issuing the decision was the result of the volume of evidence the referee had to review. The "formal" procedures the referee may have employed during the hearings were necessary for him to maintain control of this lengthy hearing. It was also unnecessary for the referee to examine any witnesses that appellant had already thoroughly examined. While technical violations of administrative rules may have occurred, none of appellant's substantial rights were prejudiced.

■ Appellant claims that the referee was an employee of the Department, who was an "interested party" within ARSD 47:06:01:01(5) (1981).[1] Appellant disqualified the first referee under ARSD 47:06:05:09 (1981),[2] but the record does not indicate that he attempted to disqualify the second referee. We find that appellant failed to preserve this issue for appeal.

■ Appellant next argues that it was error for the circuit court to affirm the administrative decision without a complete record before it.

The record in a contested case shall include:

(1) All pleadings, motions, intermediate rulings;

(2) Evidence received and considered;

(3) A statement of matters officially noticed which have been refuted;

(4) Questions and offers of proof, objections, and rulings thereon;

(5) Proposed findings and exceptions;

(6) Any decision, opinion, or report by the officer presiding at the hearing;

(7) All staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case.

SDCL 1–26–21. The manner in which the record was assembled and certified has made it a difficult task for this Court to review its contents. The record contains a document entitled "Certification and Affidavit of Service by Mail." This document is an attempt to satisfy the requirements of SDCL 1–26–33. Because it simply refers to "the enclosed records, transcript and Decisions" without indexing or otherwise identifying them it does not clearly identify the other documents intended to be certified as the record. A separate filing with the circuit court clerk contains several hundred unindexed documents which also are not clearly identified as part of the certified record. Appellant's story is fully told by the present record, albeit haphazardly. Despite these faults, none of appellant's substantial rights have been prejudiced.

■ Appellant also indicated to the circuit court a number of documents that should have been contained in the record. Again, he fails to argue that their absence prejudiced any of his substantial rights. SDCL 1–26–36. The record already is voluminous and any omissions were inconsequential.

■ The next issue concerns a document entitled "An Evaluation and Appraisal Study of the Sioux Falls Locations of the Job Service Division of the South Dakota Department of Labor" prepared by Dr. Charles Kaufman (the Kaufman report). The referee refused to grant appellant's motion to produce the report and the circuit

---

**1.** ARSD 47:06:01:01(5) (1981) provides in part:

"Interested parties," the claimant, all employers, and all other employees of such employers in the base period shall be deemed to be interest parties to an appeal.

**2.** ARSD 47:06:05:09 (1981) provides:

An appeal referee may be disqualified upon application, by an interested party to an appeal, showing that the appeal referee has an interest in the appeal. Such application shall be in writing and filed with the employment security division at least five days prior to the scheduled hearing.

court refused his request to present the report as additional evidence. *See* SDCL 1–26–34. We have examined the Kaufman report and find it immaterial. It was not error to refuse appellant's request to produce the Kaufman report or to admit it as additional evidence.

■ Appellant contends that the division failed to transmit the record to the circuit court within the time required by statute. "Within thirty days after the service of the notice of appeal, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review." SDCL 1–26–33. The division requested an extension of the thirty-day period on September 26th, nearly six weeks after the record should have been transmitted. A copy of the request for an extension of time was mailed to appellant. The record does not indicate that appellant objected to the extension of time. It was unnecessary for the circuit court to further notify appellant. Without approving of the division's delay in making its request for an extension of time, the circuit court acknowledged that a tremendous amount of time was needed to prepare the transcript from the tape recordings of the hearing. We find that any delays were not prejudicial to appellant's substantial rights.

■ Appellant maintains that he was improperly denied an opportunity to examine a witness at the hearing before the circuit court. This witness had not been examined at the administrative hearing. Additional evidence may be presented on appeal if the requirements of SDCL 1–26–34 are met. This statute provides in part as follows:

If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

Appellant represented that this evidence would show the objectionable conduct of the division's attorney and the tenor of the administrative hearing. The lengthy transcript amply demonstrates the attorney's conduct and the tenor of the hearing. We fail to see how any more evidence of these matters could be material to the merits of appellant's claim. It was not error for the circuit court to refuse to receive any additional evidence.

■ Finally, appellant argues that the circuit court and the referee erroneously refused his request to be provided with legal representation. The division is not required to provide a claimant with legal representation. *See* SDCL 61–7–22; 73 C.J.S., Public Administrative Bodies and Procedure § 137 (1951).

We have reviewed appellant's other issue and find it to be without merit.

We find that appellant has failed to prove that the procedures employed here prejudiced his substantial rights. The order of the circuit court is affirmed.