Al WEBER, d/b/a Al Weber
Construction, Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF
LABOR, UNEMPLOYMENT INSUR-
ANCE DIVISION, Appellee.

No. 13569.

Supreme Court of South Dakota.

Submitted on Briefs March 24, 1982.

Decided Aug. 11, 1982.

Rehearing Denied Sept. 20, 1982.

Craig E. Smith, Gettysburg, for appellant.

Julie M. Johnson, Sp. Asst. Atty. Gen., South Dakota Dept. of Labor, Unemployment Ins. Div., Aberdeen, for appellee.

HENDERSON, Justice.

## ACTION

Al Weber, d/b/a Al Weber Construction (appellant) appeals from an order of the trial court affirming the decision of the South Dakota Department of Labor, Unemployment Division (appellee), holding that appellant was liable for unemployment insurance taxes on certain "craftsmen." We affirm.

## PROCEDURAL HISTORY

On March 20, 1980, the trial court entered a judgment herein determining that certain "craftsmen" working on the projects of appellant were not "employees" of appellant and therefore concluded that unemployment insurance tax was not due for the years 1973, 1974, and 1975. This judgment was reversed and remanded by this Court as set forth in *Weber v. South Dakota Dept. of Labor*, 304 N.W.2d 420 (S.D.1981), upon the basis that the parties did not have the power to stipulate away the trial court's statutory scope of review as set forth in SDCL 1–26–36. We held, essentially, that the trial court simply failed to give great weight to the agency's decision.

Thereupon, at the remand and proceedings below, the appellant made no further motions for a trial de novo or for the submission of additional evidence.[1] The litigants proceeded to submit briefs to the trial court and the trial court's decision was factually limited (as is our review) to the transcripts of hearings which were held on April 30, 1976, and June 10, 1976. On August 31, 1981, the trial court reached a different conclusion than its first decision and entered an order affirming the decision of the appellee which is dated August 25, 1976. It is the propriety of that affirmance, which upholds a determination of unemployment taxes due, that we address in this appeal.

## FACTS

Appellant has been in the construction business in the State of South Dakota for nearly three decades, nearly all of which he operated a construction business in the town of Hoven, under the firm name and style of Al Weber Construction Company.

During the years of 1973, 1974, and 1975, appellant engaged in numerous construction projects. Appellant maintains that he coordinates construction projects within Potter County and further contends that he has no employees; rather, he urges that he operates his construction business on a "fee arrangement" and that the electricians, carpenters, painters and plumbers who work on these construction projects are "craftsmen" and occupy the status of independent contractors. Neither the hearings referee nor the trial court agree with his position.

Appellant's fee arrangement, essentially, works in this manner: appellant is contacted by a customer regarding the construction of a certain project desired by the customer; the customer then prepares a plan for

---

1. Appellant has alleged procedural irregularities since his first notice of appeal to the circuit court dated September 3, 1976, in that SDCL 1–26–26 was allegedly violated. Appellant never sought to offer proof pursuant to SDCL 1–26–35.

the appellant's acceptance or rejection or appellant simply prepares a construction plan for the customer; appellant furnishes the customer with an estimated cost based upon his construction experience; and finally, appellant then charges the customer a fee for overseeing the project and making sure the project is satisfactorily completed by securing adequate materials, craftsmen, and labor. In some of the construction jobs, labor costs and materials are paid for directly by the customer; on other jobs, appellant pays these costs directly.

The record reveals certain critical facts determinative of our decision: appellant keeps consolidated time sheets and in some instances the "craftsmen" are paid consistent with these time sheets; some workmen are paid from appellant's own checking account; appellant, by his own admission, admits to a certain "right to control" (the workmen's) work but "only to the extent that it is not being done correctly, and would therefore adversely affect the finished product"; at another point in appellant's testimony, he speaks of hiring an individual(s); some of the workers testified that they believed that appellant could "possibly fire them for incorrectly performing their work"; although some of the craftsmen used their own small handtools, larger pieces of equipment used on construction jobs were owned and furnished by appellant; if, indeed, the workmen and craftsmen on the jobs were independent contractors as appellant contends, there are no written subcontracts flowing between the owners of the property and appellant nor between the owners and the craftsmen or workmen; appellant gave instructions to men on the construction sites; through subpoena duces tecum, appellant was commanded to produce and did produce cancelled checks depicting not a straight fee arrangement, as he contends, but payment of wages, materials, and reimbursable expenses. Under this set of facts, appellee's hearings examiner held that the remuneration received by certain individuals for services on appellant's construction projects constituted wages within the meaning of the South Dakota Unemployment Compensation Law.

## ISSUES

A scope of review question is presented and the alleged impropriety of the hearings examiner conducting the hearing is posed, both of which are treated below. However, the basic issue presented by this appeal is whether, under the evidence submitted to the hearings examiner, the trial court was justified in affirming an administrative decision holding that "craftsmen" were not independent contractors but were employees, thereby subjecting appellant to unemployment insurance tax. We uphold the decision of both the trial court and the hearings examiner.

## DECISION

### PREFACE

As a preface to our decision, we note that the parties to this proceeding last filed briefs on December 29, 1981. Subsequently, two decisions were handed down by this Court pertaining to unemployment insurance taxes, *Matter of Balhorn-Moyle Petroleum Co.*, 315 N.W.2d 481 (S.D.1982) (Dunn and Fosheim, JJ., dissenting) and *S.D. Dept. of Labor v. Tri State Insulation*, 315 N.W.2d 315 (S.D.1982). We cite both of these cases with approval and as authority for our decision herein.

### SCOPE OF REVIEW

The South Dakota Department of Labor, Unemployment Insurance Division is an administrative agency; thus, we review the record of that agency in the same manner as the trial court, unaided by any presumption that its decision is correct. This Court cannot substitute its judgment for that of the agency. SDCL 1–26–36; *Matter of South Lincoln Rural Water System*, 295 N.W.2d 743 (S.D.1980); *South Dakota Public Utilities v. Otter Tail*, 291 N.W.2d 291 (S.D.1980). On August 25, 1976, a hearings examiner (who acted as general counsel for appellee) entered an Administrative Decision consisting of Findings of Fact and

Conclusions of Law. Appellant contends that the trial court used the clearly erroneous standard of review. The clearly erroneous standard was adopted by the State Legislature in 1978 S.D.Sess.L. ch. 17. However, the standard of review on September 3, 1976, the date the notice of appeal was filed with the trial court, was the substantial evidence standard. We note that the trial court did not specifically state, in its August 31, 1981 order now on review, the standard of review that it used. The order does make reference to a Memorandum Decision dated August 10, 1981, which specifies that "[o]n the basis of all the evidence filed herein this Court does not find that the conclusion reached by the Department of Labor was erroneous in light of the entire evidence on record." Implicitly, urges appellant, in the trial court's statement is that the clearly erroneous standard was used. As stated earlier, this Court reviews the record the same as the trial court; this we have done. We are convinced that the standard of review used by the trial court could have implicitly been wrong; however, we see no prejudice to appellant because of our own independent review. Furthermore, we find that there is a plethora of evidence to sustain the Findings of Fact and Conclusions of Law that are at issue under either standard.

### HEARINGS EXAMINER

■ Appellant maintains that the hearings examiner was general counsel for appellee and thus the hearing violated the statutory requirements of SDCL 1–26–26 and appellant's right of due process. We note that the hearings examiner asked questions at the hearing but did not appear to act as an advocate for the appellee. Appellant, from the record, appears to have consented to the matter being heard by this particular hearings examiner.[2] Moreover, appellant could have offered proof before the trial court under SDCL 1–26–35 at the

second hearing regarding his claim of procedural irregularity in that SDCL 1–26–26 was allegedly violated and failed to do so. At the second hearing, appellant could have conceivably established some type of evidentiary record on his claimed procedural irregularity before the agency. However, appellant failed to do so. Appellant, for the first time, now asks that we address this issue particularly in light of *Gottschalk v. Hegg*, 89 S.D. 89, 228 N.W.2d 640 (1975), asserting that in this case there has been a combination of advocate and judge which is a highly questionable function and very likely to violate due process. We hold, however, that appellant has waived this issue. Issues not presented at the trial court level are not properly before this Court. *Weaver v. Boortz*, 301 N.W.2d 673 (S.D.1981); *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977).

### EMPLOYEES OR INDEPENDENT CONTRACTORS

■ The employee-independent contractor distinction must be determined by the statutory test as set forth in SDCL 61–1–11. We refer to this statute by reference and the very recent decision interpreting it. *S.D. Dept. of Labor v. Tri State Insulation, supra.* This statutory test is commonly referred to as the "ABC TEST." There are three subsections in this statute. The word "and" is found between subsection (1), subsection (2), and subsection (3). Therefore, it is a conjunctive test and all three elements of the statutory test must be met before an exemption from the payment of unemployment compensation taxes is found. *North American Bldrs., Inc. v. Unemployment Comp. D.*, 22 Utah 2d 338, 453 P.2d 142 (1969).

■ It is important to note that the statute deems that services performed by an individual for wages are employment subject to the title; therefore, the burden is upon the employer to establish that none of

---

**2.** ARSD 47:06:05:09 (1980) provides:

An appeal referee may be disqualified upon application, by an interested party to an appeal, showing that the appeal referee has an interest in the appeal. Such application shall

be in writing and filed with the employment security division at least five days prior to the scheduled hearing.
*See Ashland v. South Dakota Dept. of Labor, Etc.*, 321 N.W.2d 103 (S.D.1982).

those three tests exist within the factual situation of this case. However, before the three subsections of SDCL 61–1–11 are addressed, it must first be shown that the alleged employee performs services for wages. *Matter of Balhorn-Moyle Petroleum Co.*, supra; *Sarah Coventry, Inc. v. Caldwell*, 243 Ga. 429, 254 S.E.2d 375 (1979). The judgment at lower level recites that the remuneration received by the individuals in question for their services performed on the appellant's construction projects do constitute wages. The record supports this conclusion.

■ Addressing the "ABC TEST" and considering the FACTS and SCOPE OF REVIEW, supra, we are convinced there is no reversible error.

### Test A

"Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact[.]" SDCL 61–1–11(1). Although by argument appellant disclaims his ability to control employees that he would call "craftsmen," it appears that he exercises a degree of control over them for, by his own admission, he determines whether the work is done correctly.

### Test B

"Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed[.]" SDCL 61–1–11(2). There is insufficient evidence in the record to establish that appellant met this test. "Since the burden of proof rests with the employer to establish this exception, this evidentiary defect will inure to its detriment." *Bluto v. Department of Employment Security*, 373 A.2d 518 (Vt.1977).

### Test C

"Such individual is customarily engaged in an independently established trade, occupation, profession or business." SDCL 61–11–1(3). We hold that under the FACTS, supra, the services performed by the individuals in question were within the usual course of appellant's construction business and constituted employment. These individuals could not independently ply their trade without hindrance or direction from appellant. They relied upon appellant to furnish large pieces of construction equipment to get the job done. Surely, when time sheets were kept on their activities and some admitted that they could be fired if appellant did not approve of their work, a picture is not painted of an independent contractor status.

The order is affirmed.

All the Justices concur.