HILLCREST TERRACE CORPORATION et al., Appellants,
v. CITY OF RAPID CITY et al, Respondents

(23 N. W.2d 793.)

(File No. 8833. Opinion filed July 31, 1946.)

George E. Flavin, W. A. McCullen, and James W. Bellemy, all of Rapid City, for Appellants.

H. R. Hanley, of Rapid City, and Martens & Goldsmith, of Pierre, for Respondents.

SMITH, J. In a former proceeding the plaintiffs above named sought and were granted a writ of mandamus which commanded the defendants to construct a described extension to the distribution system of the water utility of the city of Rapid City. The extension was required to serve property plaintiffs were improving with valuable dwellings. In that proceeding the court found that the refusal of the defendants to make the described extension of its mains was "wilful, arbitrary, unreasonable and discriminatory" and stated that no determination was made of the damages suffered by plaintiffs. The city constructed the extension and the property of plaintiffs was provided with service. Thereafter plaintiffs brought this action to recover the damages they suffered in the premises. They asserted that they

were damaged through the loss of rents and in the amount of their attorneys' fees in the mandamus proceeding. The court refused to submit the item of attorneys' fees as an element of damages, and the jury found against plaintiffs on their claim of damages through loss of rents. The sole question presented by the assignments is whether the court erred in its ruling on the item of attorneys' fees.

█ The first contention of plaintiffs is that they were entitled to recover their attorneys' fees in the mandamus proceeding as an element of compensatory damages under the provisions of SDC 37.1901 which fixes the measure of damages for the breach of an obligation not arising from contract. This contention is ruled against appellants by the case of Calmenson Clothing Co. v. Kruger, 66 S. D. 224, 281 N. W. 203.

Our statutes dealing with the remedy of mandamus provide that, "If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury or as may be determined by the Court or referee, * * *." SDC 37.4510. In Calmenson Clothing Co. v. Kruger, supra, the plaintiff sought a writ to require the defendant mayor to sign a city warrant for money due plaintiff from the city, and a judgment for damages. In issuing the writ the court found that plaintiff had been damaged by reason of the arbitrary and unreasonable action of the defendant and that such damages consisted of the expenses to which he had been put to assert his right. As compensatory damages, the trial court allowed the plaintiff $75 to cover his reasonable and necessary expenditures for an attorney in the proceeding. This court held that the applicant's expenditures for an attorney in that proceding was not a proper element of his damages.

If plaintiffs had sought to recover their compensatory damages in the mandamus proceeding, the cited case would have foreclosed the recovery of attorney fees in that case as an element thereof. Obviously, the measure of plaintiffs' damages remains constant whether asserted in the original proceeding or in this subsequent separate action.

█ Predicated upon the fact that the refusal of the defendants to construct the extension was "wilful, arbitrary,

unreasonable and discriminatory," the plaintiffs contend that exemplary damages were authorized, and therefore it was error to exclude the plaintiffs' attorneys' fees from the consideration of the jury. The theory that plaintiffs were entitled to exemplary damages was not presented to the trial court, and therefore cannot be considered on appeal. Wheeler v. Hughill, 67 S. D. 545, 295 N. W. 638; Gaines v. White, 2 S. D. 410, 50 N. W. 901.

The judgment of the trial court is affirmed.

WOHLHETER, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.