# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1319

———————————————

Ron Meyers,

*Plaintiff - Appellant,*

v.

Tom Roy, Commissioner of Minnesota
Department of Corrections, in his official
and individual capacities; and David Bjerga,
Superintendent of the Minnesota Bureau
of Criminal Apprehension, in his official
and individual capacities,

*Defendants - Appellees.*

———————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

———————————

Submitted: October 17, 2012
Filed: May 10, 2013 (**Corrected 5/13/2013**)

———————————

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

———————————

COLLOTON, Circuit Judge.

Ron Meyers, a person required to register as a "predatory offender" in Minnesota, brought this action against two state officials, pursuant to 42 U.S.C.

§ 1983. He asserts that the enforcement of Minnesota's predatory offender registration statute, Minn. Stat. § 243.166, violates his constitutional right to due process. The district court[1] granted summary judgment in favor of Tom Roy, the Commissioner of the Minnesota Department of Corrections, and David Bjerga, the Superintendent of the Minnesota Bureau of Criminal Apprehension ("the Bureau"). We affirm.

The Minnesota predatory offender registration statute requires a person to register for a period of ten years if he was "charged with" one of several enumerated offenses and "convicted of . . . that offense or another offense arising out of the same set of circumstances." Minn. Stat. § 243.166, subd. 1b(a)(1). As construed by the Minnesota Supreme Court, a defendant is "charged with" an enumerated offense for purposes of the registration statute only if there is probable cause to support the charge filed by prosecuting authorities. *State v. Lopez*, 778 N.W.2d 700, 703 (Minn. 2010). If the defendant is properly charged, however, then the registration requirement applies even when the conviction is not for an offense listed in the statute, as long as it "aris[es] out of the same set of circumstances" as the charged offense. *Id.* at 706; *Boutin v. LaFleur*, 591 N.W.2d 711, 716 (Minn. 1999). According to the Minnesota Supreme Court, the legislature gave the statute this breadth "to ensure that true predatory offenders cannot plead out of the registration requirements." *Lopez*, 778 N.W.2d at 704.

In this case, Meyers was charged in July 1995 with an enumerated offense under the registration statute—criminal sexual conduct in the fourth degree, in violation of Minnesota Statute § 609.345. *See* Minn. Stat. § 243.166, subd. 1b(a)(1)(iii). The State alleged that Meyers had committed the offense by using force or coercion to accomplish sexual contact with another person. *See* Minn. Stat.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

§ 609.345, subd. 1(c). After the charge was filed, however, the prosecution concluded that Meyers committed only a lesser offense of criminal sexual conduct in the fifth degree. *See* Minn. Stat. § 609.3451, subd. 1(1). Meyers then pleaded guilty to this lesser offense, which is not an enumerated offense under the registration statute.

While Meyers was serving his sentence, the Bureau informed him that he was required to register under the predatory offender registration statute, on the view that he was charged with an enumerated offense (fourth-degree criminal sexual conduct) and convicted of another offense (fifth-degree criminal sexual conduct) that arose out of the same set of circumstances. *See* Minn. Stat. § 243.166, subd. 1b(a)(1). Meyers submitted a first offender registration form on February 24, 1998, but he subsequently failed to comply with ongoing registration obligations, and he was convicted in 2004 of failing to register in Blue Earth County, Minnesota. In December 2004, Meyers was convicted of second-degree assault and was sentenced to fifty-seven months' imprisonment. As a result of that conviction, the Bureau restarted Meyers's registration period for the criminal sexual conduct charge. *See id.* at subd. 6(c).

In 2009, Meyers was convicted for failing to register as a predatory offender in Olmstead County, Minnesota. On appeal, Meyers challenged his conviction by collaterally attacking the constitutionality of the registration requirement. *See State v. Meyers*, No. 55-CR-09-93, 2011 WL 382591, at *3 (Minn. Ct. App. Feb. 8, 2011), *cert. denied*, 132 S. Ct. 503 (2011). Among other claims, Meyers asserted that the statute violated his rights to procedural and substantive due process. *Id.* at *1. The Minnesota Court of Appeals considered these arguments on the merits and rejected them. The court ultimately affirmed Meyers's conviction for failure to register.

Meyers then sued Roy and Bjerga in the district court. Count I of the complaint, the only portion at issue on this appeal, alleged that the state officials violated Meyers's procedural and substantive due process rights by requiring him to register under § 243.166 when he did not commit a "predatory offense." Meyers

-3-

sought a declaration that § 243.166 is unconstitutional as applied to him, and injunctive relief that would prevent the officials from requiring Meyers to register and direct them to remove Meyers from the predatory offender registry. He also sought damages to compensate him for his incarceration and other injuries resulting from his designation as a predatory offender.

The district court granted summary judgment in favor of the state officials. *Meyers v. Roy*, No. 11-CV-291, 2012 WL 28122, at \*9 (D. Minn. Jan. 5, 2012). The court considered the due process claims on the merits. As to procedural due process, the court concluded that Meyers had not alleged a constitutionally-protected liberty interest and, in any event, that the State had afforded him adequate notice and opportunity to be heard. *Id.* at \*3-4. The court explained that Meyers had an opportunity to contest probable cause for the fourth-degree criminal sexual conduct charge before he pleaded guilty to the lesser offense in 1995, and again on appeal from his 2009 conviction for violating the registration statute. *Id.* at \*4. The district court rejected Meyers's substantive due process arguments, concluding that the statute was regulatory, not punitive, and that it was rationally related to the State's legitimate interest in monitoring sex offenders and protecting the public. *Id.* at \*4-7. The court noted this court's observation in *Gunderson v. Hvass*, 339 F.3d 639, 643-44 (8th Cir. 2003), that the Minnesota legislature rationally sought to insure the inclusion in the registration rolls of predatory offenders who take advantage of favorable plea agreements. The district court ruled that the statute was not unconstitutional as applied to Meyers, because there was probable cause to believe that he committed fourth-degree criminal sexual conduct when he was charged with that offense in 1995.

On appeal in this case, Meyers advances procedural and substantive due process claims against the state officials. Assuming for the sake of analysis that Meyers's § 1983 suit is not barred by the fact of his 2009 conviction, *cf. Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007), a point the State does not raise, we conclude that the

due process claims that he raised in the district court and on this appeal are barred by collateral estoppel. Federal courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so," *Allen v. McCurry*, 449 U.S. 90, 96 (1980), and we may raise that point *sua sponte* to avoid "unnecessary judicial waste." *Hanig v. City of Winner*, 527 F.3d 674, 678 (8th Cir. 2008). The elements for the application of collateral estoppel under Minnesota law, *see Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004), are satisfied in this case.

Meyers litigated the same procedural due process claims that he raises on this appeal in his direct appeal from the 2009 conviction for a registration offense. He was given a full and fair opportunity to litigate those claims against the State, and there was a final judgment on the merits. The Minnesota Court of Appeals ruled that Meyers was afforded procedural due process because he had an opportunity to challenge the probable cause determination for fourth-degree criminal sexual conduct before he pleaded guilty to the lesser offense in 1995, and that even if he did not have that opportunity, Meyers failed to establish a constitutionally-protected liberty interest. *Meyers*, 2011 WL 382591, at *7. In light of the Minnesota state court's judgment, Meyers is precluded from relitigating those points in this federal action. We agree with the district court, moreover, that the State provided Meyers with notice and an opportunity to be heard when the Minnesota Court of Appeals adjudicated his challenge to the applicability of the registration statute based on his 1995 conviction.

Meyers also litigated in the 2009 state-court appeal his contention that the registration statute violates substantive due process. The Minnesota Court of Appeals rejected Meyers's argument that there was no rational basis for requiring him to register, holding that the State's maintenance of a list of nonpredatory offenders was rationally related to the legitimate state interest of solving crimes. *Id.* (citing *Boutin*, 591 N.W.2d at 718). Meyers is thus precluded from relitigating in this federal action whether the predatory registration statute has a rational basis. The other substantive

due process contention that Meyers advances on this appeal—that the statute infringes on a fundamental right to interstate travel—was not presented in the district court, and we therefore decline to consider it. *See General Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1112 (8th Cir. 2013).

\* \* \*

The judgment of the district court is affirmed.

_____